IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH W. PENDLETON,

                Plaintiff,                      OPINION AND ORDER

v.

                                              20-cv-492-wmc

MADISON KIPP CORPORATION,

                Defendant.

---

*Pro se* plaintiff Kenneth W. Pendleton filed this civil lawsuit claiming that his former employer, defendant Madison Kipp Corporation, wrongly accused him of criminal conduct and then terminated him after his arrest. Since Pendleton is proceeding without prepayment of the filing fee, his complaint must be screened to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court has also conducted an initial review to determine whether subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). Even construing Pendleton's allegations generously in his favor, the complaint fails to establish a basis for the court's subject matter jurisdiction. However, the court will allow Pendleton 10 days to amend the complaint.

ALLEGATIONS OF FACT[1]

Pendleton, a Wisconsin citizen, worked for defendant Madison Kipp Corporation, also a Wisconsin citizen. Sometime in early to mid-March of 2016, Madison Kipp was allegedly investigating Pendleton. According to Pendleton, Madison Kipp falsely and without proof accused him "of being a drug dealer" after he bought himself "a nice Mercedes Benz." (Dkt. #1 at 3-4.) Pendleton further alleges that everyone at work was "talking about" this accusation. (Dkt. #1 at 4.)

Then, on March 23, 2016, the police allegedly came to Pendleton's place of work, searched his car, and arrested him in front of his coworkers, all to Pendleton's embarrassment. Pendleton asserts that he was held for two days and released without charge, but not before Madison Kipp fired him for "a no-call no-show." (Dkt. #1 at 3.) Pendleton contends his termination was unfair because Madison Kipp knew where he was, and he had no money to call his employer. Moreover, Madison Kipp declined to rehire Pendleton in 2017.

Pendleton indicates that he is suing Madison Kipp for a violation of federal law under 28 U.S.C. § 1331. He requests "at least $50,000" in compensation for the loss of his car and apartment, for the "defamation of [his] character," and for the time he "lost at the job" and was homeless after he was fired. (Dkt. #1 at 4.)

OPINION

A federal district court's jurisdiction is limited, meaning that generally it may only hear a case if Congress has authorized it. With limited exceptions inapplicable here, a federal court

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Since plaintiff alleges that both Madison Kipp and he are Wisconsin citizens, the court cannot exercise jurisdiction under § 1332. This leaves only § 1331, meaning that plaintiff may proceed in this court if he brings a claim arising under federal law.

Plaintiff indicates that he is suing Madison Kipp for a violation of unspecified federal law, but his allegations do not implicate any federal statute, and he does not suggest that Madison Kipp is a state actor who violated his constitutional rights.[2] That defendant's allegedly wrongful accusation led to plaintiff's arrest and termination, as well as injury to his reputation, might be interpreted as a claim for defamation based on slander or libel. *See Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 40 n.6, 265 Wis. 2d 703, 666 N.W.2d 38 (stating the elements of a defamation claim based on slander or libel). Indeed, plaintiff requests compensation for "defamation of character." (Dkt. #1 at 4.) But defamation is a state law tort claim, not a federal law or constitutional claim. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (a plaintiff's "interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law"). Finally, to the extent plaintiff alleges he was harassed or wrongfully terminated, he does *not* also allege, nor can the court reasonably infer, that either was based on a characteristic protected by federal law such as disability, race,

---

[2] Accordingly, a malicious prosecution claim under 28 U.S.C. § 1983 is unavailable here. *See Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (noting that to state a malicious prosecution claim under § 1983, a plaintiff must show that the malicious prosecution was committed by state actors). However, Wisconsin recognizes the torts of malicious prosecution and abuse of process. *See Strid v. Converse*, 111 Wis.2d 418, 423-27, 331 N.W.2d 350 (1983) (discussing the elements of malicious prosecution and abuse of process).

3

religion, national origin, age or sex. *See, e.g.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117. Accordingly, plaintiff's complaint does not invoke this court's jurisdiction under § 1331 either.

This case cannot proceed if the court lacks subject matter jurisdiction. For the reasons outlined above, the court will dismiss the complaint without prejudice. Should plaintiff *have* a factual basis to allege a claim over which this court could exercise jurisdiction as outlined above, he may have 10 days to file an amended complaint so stating. Otherwise the case will be closed.

## ORDER

IT IS ORDERED that:

1) Plaintiff Kenneth W. Pendleton's complaint is DISMISSED without prejudice.

2) Plaintiff may have until August 14, 2020, to file an amended complaint containing allegations sufficient to establish this court's jurisdiction under 28 U.S.C. § 1331 or § 1332. Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 4th day of August, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge