IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH W. PENDLETON,

                Plaintiff,                      OPINION AND ORDER

v.

                                                     20-cv-492-wmc

MADISON KIPP CORPORATION,

                Defendant.

---

In an order entered on August 4, 2020, the court dismissed plaintiff Kenneth W. Pendleton's complaint because it failed to establish subject matter jurisdiction. (Dkt. #4 at 4.) Pendleton was then given until August 24, 2020, to propose an amended complaint addressing the deficiencies identified and explained in the August 4th order. In addition, Pendleton was warned that a failure to correct those deficiencies would result in dismissal of this case. On August 21, 2020, Pendleton submitted a letter that adds some detail to his allegations in the original complaint. (Dkt. #8.) Unfortunately, even taking all of Pendleton's allegations together and construing them generously in his favor, he still has offered no basis for this court to exercise subject matter jurisdiction over his claims. Accordingly, while he may have an avenue to pursue or claim in *state* court, this federal lawsuit must be dismissed without prejudice. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted).

ALLEGATIONS OF FACT[1]

As stated in greater detail in the August 4th order, Pendleton seeks leave to proceed against his former employer, Madison Kipp Corporation, alleging that both parties are Wisconsin citizens. Pendleton claims that in 2016, Madison Kipp falsely and without proof accused him of dealing drugs, prompting police to arrest him at work and search his car. Pendleton was then held in custody for two days before being released without charge, but not before Madison Kipp fired him for a "no-call, no-show" despite allegedly knowing he was in custody. (Dkt. #8 at 1.) As a result, Pendleton also alleges that he lost his car and apartment, leaving him homeless.

In his August 21st letter, Pendleton adds that when he later reapplied to work at Madison Kipp, he passed an exam and was interviewed. Even though "other people were hire[d] on the spot" after their interviews, however, Pendleton alleges that after responding to a question about his previous termination by explaining his drug charge, the interviewer "cut [him] off" and told him that there was no position open for him at that time. (Dkt. #8 at 1.)

At some point, Pendleton further alleges that he sought relief through the Wisconsin Department of Workforce Development but was unsuccessful because of an unspecified timeliness issue. He believes that Madison Kipp "should still be held responsible for their actions and what they put [him] through." (Dkt. #8 at 1.) In his original complaint, Pendleton requested "at least $50,000" in compensation for the loss of his car and

---

[1] The court reads all of plaintiff's allegations generously, resolving ambiguities and drawing reasonable inferences in his favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

apartment, for the "defamation of [his] character," for the time he "lost at the job," and his homelessness after being fired. (Dkt. #1 at 4.)

OPINION

A federal court's power to hear a case is limited. With certain very limited exceptions inapplicable here, this court may only hear a case (1) involving a claim arising under *federal* law, 28 U.S.C. § 1331, or (2) between citizens of *different* states where the amount in controversy is more than $75,000, 28 U.S.C. § 1332. Because plaintiff alleges that Madison Kipp and he are both Wisconsin citizens, the second of these avenues is out, and plaintiff's case can proceed in this court only if he has asserted a claim under federal claim.

Because plaintiff's allegations as amended still do not implicate any federal statute, and because he does not suggest that defendant is a state actor who violated his constitutional rights, his claims cannot proceed in federal court. As explained in the August 4 order, the allegation that a private entity falsely accused plaintiff of a crime leading to his arrest and termination cannot support a malicious prosecution claim against that defendant under 28 U.S.C. § 1983. *See Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (to state a malicious prosecution claim under § 1983, a plaintiff must show that the malicious prosecution was committed by state actors). Moreover, plaintiff's claim that the allegedly wrongful accusation injured his reputation amounts to a state tort claim of defamation under Wisconsin common law. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (a plaintiff's "interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law"). As for wrongful termination and failure to rehire,

3

plaintiff maintains that those decisions were unfairly made (1) because defendant knew he was in jail yet still fired him for not calling in, and (2) based on a criminal charge. However, plaintiff does not *also* allege, nor can the court reasonably infer, that either employment action was based on a characteristic protected by *federal* law such as disability, race, religion, national origin, age, or sex. *See, e.g.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117.[2]

Accordingly, plaintiff failed to cure the jurisdictional defects in his original complaint despite being given ample time to do so. While sympathizing with plaintiff for the difficulties he has faced, without subject matter jurisdiction, the court has no power to decide his case and must dismiss it without prejudice. *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013) ("[A] dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As noted, this dismissal does not prevent plaintiff from pursuing any viable state law claims in state courts, although he may want to do so as soon as possible to avoid being barred by any applicable statute of limitation. Regardless, he cannot proceed with his claims in *this* court.

---

[2] Plaintiff's allegation that other people were "hire[d] on the spot" while he was not rehired does not change this outcome. That is because plaintiff does not also allege, nor can the court reasonably infer from the allegations, that plaintiff and these individuals were similarly situated or treated differently based on a Title VII-protected characteristic. *See Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012) (to establish a *prima facie* case of disparate treatment under Title VII, a plaintiff must show, among other factors, that "another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff").

ORDER

IT IS ORDERED that plaintiff Kenneth W. Pendleton's motion for leave to proceed (dkt. #2) is DENIED, and this lawsuit is DISMISSED without prejudice for lack of subject matter jurisdiction and without costs.

Entered this 11th day of December, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge